UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNI52

| | |
|---|---|
| JIM SOUTHARD, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KIPPER TOOL COMPANY,<br><br>　　　　Defendant. | Case No.  3:15-cv-03621-JSC<br><br>**ORDER RE: MOTION TO DISMISS FOR IMPROPER VENUE AND LACK OF JURISDICTION, OR TRANSFER UNDER 28 U.S.C. § 1404(A); MOTION TO DISMISS UNDER RULE 12(B)(6)**<br><br>**Re: Dkt. Nos. 51, 52** |

Jim Southard, a Georgia resident, initiated this False Claims Act action against his former Georgia employer, Kipper Tool Company, more than eight years ago.  After the United States recently decided not to intervene, Southard served the complaint on Kipper.  Now pending before the Court is Kipper's motion to dismiss for improper venue and lack of personal jurisdiction, or in the alternative transfer the action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).  (Dkt. No. 52.)   Kipper also moves separately to dismiss for failure to state a claim. (Dkt. No. 51.) After carefully considering the parties' submissions, and having had the benefit of oral argument on October 19, 2023, the Court TRANSFERS this action to the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).  As Southard's lawsuit has virtually no connection to this District, Southard and Kipper both reside in Georgia, and Kipper, a certified small business, is in poor financial health, the 1404(a) factors favor litigating this case in the Northern District of Georgia.

## BACKGROUND

Kipper Tool Company is a Georgia corporation with its principal place of business in

1   Gainesville, Georgia.  (Complaint at 6.[1])  Kipper was certified as a small business by the United
2   States Small Business Administration.  (Dkt. No. 52-1, Garrish Decl. at ¶ 2.)  In 2022, Kipper's
3   total sales were approximately $21 million, but it has been operating at a loss for the last several
4   years, last earning a profit in 2019 when it earned $100,000.  (*Id*.)  Kipper has 42 employees who
5   are all based in Gainesville, Georgia. (*Id*. at ¶ 3.)

6   Jim Southard worked for Kipper from September 2003 to July 2014 in a variety of roles
7   including as the Government Sales, Technical Advisor, and Strategic Business Unit leader in
8   change of General Services Administration (GSA) and Department of Defense (DOD) contracts.
9   (Dkt. No. 54-1, Southard Decl. at ¶ 4.)  Kipper contracts with GSA to sell tools and other products
10  through the GSA Advantage! Program.  (Dkt. No. 52-1, Garrish Decl. at ¶ 5.)  The GSA
11  Advantage! Contracting offices are located in Kansas City, Missouri.  (*Id*.)  Kipper's GSA
12  contracts are "entered exclusively with GSA and not with the federal entities that purchase
13  products through GSA."  (*Id*.)

14  Southard alleges that during the course of his employment, he discovered Kipper was
15  "offering individual tools, construction equipment, and other products for sale to virtually all
16  commercial customers at a greater discount than that offered to the Government…in material
17  violation of the Price Reduction Clause, the Price Adjustment Clause, and other contracting
18  requirements." (Complaint at 3.)  The complaint alleges "[a] large number of these improper sales
19  involved federal agencies located in the state of California." (*Id*. at 18.)

20  In 2015, Southard, who resides in Gainesville, Georgia and is now self-employed, filed this
21  False Claims Act action on behalf of the United States.  (*Id*. at 5.)  Southard alleges Kipper
22  submitted false claims for payment and reimbursement by the United States, knowingly sold
23  products to commercial customers at steeper discounts than it offered the government, and failed
24  to adhere to price disclosure requirements as required by 31 U.S.C. § 3729-32.  (*Id*. at 18-20.)  The
25  government sought, and was awarded, 16 extensions of time to decide whether to intervene in this
26  qui tam action.  (Dkt. Nos. 6, 8, 9, 12, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 37, 39.)  After eight

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

years, it declined to do so, the case was unsealed, and Kipper was provided notice of this action. (Dkt. Nos. 40, 41.)

Kipper then filed the now pending motion to dismiss for failure to state a claim and motion to dismiss for lack of personal jurisdiction or to transfer venue to the District Court for the Northern District of Georgia under § 1404(a). (Dkt. Nos. 51, 52.) The following day, Southard moved for summary judgment. (Dkt. No. 54.) When Kipper sought an extension of time to respond to the motion for summary judgment so the motions to dismiss could be decided first, Southard opposed. (Dkt. Nos. 57, 60.) The Court granted Kipper's motion and held the summary judgment motion in abeyance pending disposition of the pending motions to dismiss. (Dkt. No. 61.) On September 26, 2023, the Court reset the hearing on the motions for October 19, 2023. (Dkt. No. 64.) Southard's counsel thereafter sought leave to appear at the hearing by video because they "are currently based on Washington D.C." (Dkt. No. 65 at 2.) The Court denied the request. Under the Court's Standing Order all hearings are presumptively held in person.

## DISCUSSION

### I. Venue and Personal Jurisdiction

Kipper first argues the Court should dismiss this action because venue is improper in this District and the Court does not have personal jurisdiction of Kipper in California.

#### A. The Court Assumes Venue Is Proper

The Court will assume, without deciding, venue is proper in this District because even if venue is improper, the Court would have the discretion to transfer to a district where the action could have been filed. *See* 28 U.S.C. 1404(a). And, because this is a federal question case rather than diversity jurisdiction, whether venue is proper does not impact choice of law. *See In re Miller*, 853 F.3d 508, 515-16 (9th Cir. 2017).

#### B. False Claims Act Personal Jurisdiction Is Not Settled

The False Claims Act provides a case may be "brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by [the False Claims Act] occurred," with summons to be served at any place in the world. 31 U.S.C. § 3732(a). District courts are split whether this

provision authorizes personal jurisdiction based on a defendant's nationwide contacts rather than contacts with the district where the action is pending. *Harris v. Toyota Motor Sales U.S.A.*, No. 21-CV-09570-JCS, 2021 WL 5889352, at *3, n.2 (N.D. Cal. Dec. 13, 2021). *Compare Silbersher v. Valeant Pharms. Int'l, Inc.*, No. 3:18-CV-01496-JD, 2020 WL 13833190, at *1 (N.D. Cal. May 7, 2020) (applying nationwide contacts test FCA); *United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*, No. 13-1348 FMO (SHx), 2015 WL 12752552, at *4 (C.D. Cal. Sept. 29, 2015) (same); *with United States ex rel. Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.*, No. 20-1373 JGB (SHKx), 2022 WL 19914511, at *4 (C.D. Cal. Sept. 28, 2022) (applying forum specific contacts test in FCA action); *Wendt-W. v. Dep't of Educ.*, No. 21-01336 JWH (SPx), 2021 WL 6551384, at *3 (C.D. Cal. Dec. 27, 2021) (same), aff'd, No. 22-55091, 2023 WL 561308 (9th Cir. Jan. 27, 2023), cert. denied sub nom. No. 23-128, 2023 WL 6378568 (Oct. 2, 2023); *U.S., ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 2d 1062, 1071 (D. Haw. 2001) (same).

The Court need not decide this tricky personal jurisdiction issue before deciding whether to transfer the action pursuant to section 1404(a). In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962), the Supreme Court held a district court transferring an action under 28 U.S.C. § 1406(a) for improper venue need not have personal jurisdiction over the defendant. It follows that a district court may also transfer an action pursuant to 28 USC 1404(a), regardless of whether venue is proper or the transferring court has personal jurisdiction of the defendant. *See, e.g., Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) ("The district court has this power to transfer venue even if it lacks personal jurisdiction over the defendants"); *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964) (holding *Goldlawr* applies equally to 1404(1) transfers); *Biswas v. HR Value Grp., LLC*, 2002 WL 31261160, at *4 (N.D. Cal. Oct. 4, 2002) (granting motion to transfer venue under section 1404(a) and denying motion to dismiss for lack of personal jurisdiction as moot in light of the transfer); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1211 (D. Haw. 2002) ("Following *Goldlawr*, many district courts, including the District of Hawaii, have concluded that a district court may also transfer an action under § 1404(a) regardless of whether it has personal jurisdiction over the defendant" and collecting cases).

4

## II. Section 1404(a) Convenience Transfer is Warranted

Kipper seeks to transfer this case to the District Court for the Northern District of Georgia where its sole office is located.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). Section 1404(a) exists to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up). District courts decide motions for 1404(a) transfer based on an individualized, case-by-case consideration of convenience and fairness. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Kipper, as the movant, bears the burden to demonstrate jurisdiction and proper venue would exist in the Northern District of Georgia and that the balance of conveniences favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

### A. Jurisdiction and Venue in the Northern District of Georgia

"[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Because venue and jurisdiction are proper in the Northern District of Georgia, Southard could have filed this action in that District.

First, the Northern District of Georgia can exercise general personal jurisdiction over Kipper because that is where it is located; indeed, it is its only location. (Dkt. No. 52-1 at ¶ 3.) *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). Southard, too, resides in the Northern District of Georgia. (Dkt. No. 1 at 5.) Second, venue is proper in the Northern District of Georgia because Kipper can be found, resides, and transacts business in that district. 31 U.S.C. § 3732(a). So, Southard could have sued Kipper in the Northern District of Georgia.

//

//

**B. Convenience**

In analyzing convenience, the Court may consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum.

*Jones*, 211 F.3d at 488-89; *see also Avery v. TEKsystems, Inc.*, No. 22-CV-02733-JSC, 2022 WL 3998499, at *4 (N.D. Cal. Aug. 31, 2022) (listing convenience factors).

While great weight is generally accorded to a plaintiff's choice of forum, "[t]his weight is diminished [] when the plaintiff is a qui tam relator asserting the rights of the Government." *United States v. Janssen Biotech, Inc.*, No. 17-CV-07250-JST, 2019 WL 13175808, at *2 (N.D. Cal. Apr. 29, 2019) (collecting cases). Further, a plaintiff's choice of forum is accorded less weight when the plaintiff does not reside in the forum. *See Gemini Capital Grp. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). The weight given to a plaintiff's forum choice also depends on the extent of the plaintiff's other contacts with the forum, including those related to the cause of action. *See Pac. Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir. 1968) ("Plaintiff's choice of forum, then, is not the final word. In judging the weight to be given such a choice ... consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts."). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's forum choice is entitled to only minimal consideration. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

In light of these considerations, Southard's choice of the Northern District of California is given only slight weight. He does not reside here. (Dkt. No. 54-1, Southard Decl. at ¶ 1.) He did not work or live here when he learned the basis for this lawsuit as a Kipper employee; instead, he lived and worked in Georgia. (Complaint at ¶ 5.) While Southard contends Kipper sold tools to California locations of federal agencies, the same can be said of most states. And, as Kipper demonstrates, the allegedly unlawful activity took place in Georgia and Kansas City, Missouri—

6

not in California. (Dkt. No. 52-1 at ¶ 5.)

On balance, the other relevant convenience factors heavily favor transfer to the Northern District of Georgia. Southard's convenience is entitled to no weight because he resides in Georgia and his lawyers are on the east coast. Indeed, Southard asked for the hearing on Kipper's motions to be held by video because his lawyers reside on the east coast. (Dkt. No. 65.) And, the Northern District of Georgia will be much more convenient for Kipper, a certified small business. (Dkt. No. 52-1, Garrish Decl. at ¶ 2.) *Van Dusen*, 376 U.S. at 645–46 ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.") Kipper's current employees and executives are in Georgia—Kipper's only location. (Dkt. No. 52-1 at ¶ 9.) And it is likely former employees are in or around Georgia. Southard does not identify a single west coast witness. "The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer venue under § 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015).

The familiarity of each forum with the applicable law weighs neutrally because both forums are federal courts and thus familiar with federal law. Because neither Southard nor Kipper resides in this District, and, indeed, Southard does not identify any event of consequence that occurred in this District, the local interest in this controversy is minimal. The Northern District of Georgia's interest in this controversy is much stronger, as the case involves individuals and a corporation located there.

Finally, transfer to the Northern District of Georgia serves the interests of justice. Kipper offers evidence it is a small, unprofitable business. (Dkt. No. 52-1 at ¶ 9.) Litigating 3000 miles from its only location will cost Kipper more money than if the lawsuit were in Georgia. So, transferring the case to Georgia leaves more of Kipper's assets available to settle a judgment or for voluntary resolution. Southard's insistence this is just an electronic documents case and so there is no financial prejudice to Kipper litigating so far from home is unpersuasive as it ignores the attorney and witness costs of travelling across the country. Costs that Southard himself recognized when he asked that the hearing on Kipper's motions be by video because his counsel

are on the east coast. And, as explained at oral argument, the personal jurisdiction issue presents an unanswered legal question that if this Court gets wrong could mean years of litigation and it attendant costs are undone on appeal. That potential is eliminated by transfer to the Northern District of Georgia.

Southard's reliance on *Academy of Mortg. Corp.*, 2018 WL 4053484 (N.D. Cal. Aug. 24, 2018), is unpersuasive. There the court held, as does this Court, the plaintiff's choice of forum was entitled to little weight, and the District where the defendant sought transfer had a much stronger interest than the Northern District of California. The court nonetheless denied convenience transfer because it had already issued a substantive ruling in the case. *Id.* at *7. Other than this motion, this Court has performed no substantive work on this case.

In sum, Southard's choice of forum is entitled to only minimal weight, given the qui tam nature of this action and the absence of any particular connection to this District. The convenience of the parties and witnesses, lack of local interest in the controversy, and interests of justice all favor transfer. Kipper has carried its burden to demonstrate that the Northern District of Georgia is "the more appropriate forum for this action." *Jones*, 211 F.3d at 499.

## CONCLUSION

For the reasons stated above, Kipper's motion to transfer is GRANTED. In light of this Order, Kipper's motion to dismiss for lack of personal jurisdiction is DENIED AS MOOT. Kipper's motion to dismiss for failure to state a claim and Southard's motion for summary judgment are DENIED WITHOUT PREJUDICE to being renewed before the transferee court.

This Order disposes of Docket Nos. 51, 52, 54.

**IT IS SO ORDERED.**

Dated: October 19, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

8